IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEX GONZALES, SR. and ELIZABETH HERRERA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:22-CV-655-RP |
| CITY OF AUSTIN, | § § | |
| Defendant. | § § § | |

| | | |
|---|---|---|
| ALEX GONZALES, SR., individually as a wrongful death beneficiary of Alex Gonzales, Jr., and as the Representative of the Estate of Alex Gonzales, Jr., Deceased, and ELIZABETH HERRERA, aka ELIZABETH GONZALES, individually and as a wrongful death beneficiary of Alex Gonzales, Jr., | § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:23-CV-9-RP |
| THE CITY OF AUSTIN, GABRIEL GUTIERREZ, and LUIS SERRATO, | § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is Movant Hendler Flores Law PPLC's ("HFL") motion to intervene, (Dkt. 32).[1] Plaintiffs Alex Gonzales, Sr. and Elizabeth Herrera ("Plaintiffs") filed a response, (Dkt. 37), and HFL filed a reply, (Dkt. 39). Having reviewed the motion, the parties' briefing, and the relevant law, the Court will grant the motion to intervene.

---

[1] In the related case, 1:23-cv-655-RP, Movant filed an identical motion to intervene. (Dkt. 43). For convenience, the Court will address the motions in one consolidated order, and all references will be to the 1:23-cv-9-RP case.

## I. BACKGROUND

This case concerns the shooting of Alex Gonzales, Jr. by Austin Police Department Officers Luis Serrato and Gabriel Gutierez. (Compl., Dkt. 1). On January 7, 2020, Plaintiffs retained HFL through a signed, written retainer agreement ("the Agreement") to represent them in connection with the instant litigation. (Mot. Intervene, Dkt. 32, at 2). HFL agreed to represent Plaintiffs on a contingency basis, taking up to 40% of any settlement, verdict, or recovery obtained in the matter. (*Id.*). It also authorized reimbursement of expenses from any settlement recovery. (*Id.*). The Agreement further provides that HFL may create a charging lien to secure recovery of fees in the event that Plaintiffs terminate HFL without cause. (*Id.*). Finally, the Agreement allows HFL to keep 40% of its attorney's fees even if representation ends prior to recovery. (*Id.*).

HFL alleges that it dedicated significant amounts of time to Plaintiffs' case by investigating and filing the two instant suits and beginning discovery with the Austin Police Department. (*Id.*). During the course of their representation, HFL also worked with Plaintiffs on ancillary matters, such as probate, family law, and grief support, incurring expenses over $65,000. (*Id.*). HFL alleges that it has not been reimbursed for these expenses. (*Id.*). On March 24, 2023, HFL received a letter from an outside law firm, informing it that Plaintiffs intended to discharge HFL from representing them in this case and transfer their representation to Donald Puckett of Devlin Law Firm LLC. (*Id.* at 3). The parties contest the reason for this discharge, with HFL arguing that it was the result of wrongful interference by Plaintiffs' new counsel and without good cause. Plaintiffs contend that HFL engaged in professional negligence and breached its fiduciary duty, leading to the discharge. (Pls.' Resp., Dkt. 37, at 1).

On May 12, 2023, HFL filed a motion to intervene as of right. (Dkt. 27). Plaintiffs responded, (Dkt. 28), and HFL filed an amended motion on June 12, 2023. (Mot. Intervene, Dkt. 32). HFL argues that it is entitled to intervene under Rule 24(a)(2) because it has an interest in a

monetary recovery through the contingency recovery in its agreement. (*Id.* at 4). HFL argues that

Texas law permits attorneys to impose a charging lien as a way of securing payment of their fees and

expenses and allows the attorneys to sue for their recovery. (*Id.* at 4–5).

Plaintiffs oppose the motion on several grounds. They argue that the Court lacks subject-

matter jurisdiction over the proposed intervention because diversity citizenship is lacking. (Pls.'

Resp., Dkt. 37, at 14). They also contend that the motion is procedurally unripe and would force

them to disclose privileged information in order to show that HFL was terminated for good cause.

(*Id.* at 12–14). Finally, Plaintiffs argue that HFL lacks an interest in the property or transaction that is

the subject of this litigation under Rule 24 because the interest is purely contingent and the charging

lien is prohibited by Texas ethics rules. (*Id.* at 24).

## II. LEGAL STANDARD

Intervention by right is governed by Federal Rule of Civil Procedure 24(a). To intervene by

right, the prospective intervenor either must be "given an unconditional right to intervene by a

federal statute," Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule

24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant
> must have an interest relating to the property or transaction which is
> the subject of the action; (3) the applicant must be so situated that the
> disposition of the action may, as a practical matter, impair or impede
> his ability to protect that interest; (4) the applicant's interest must be
> inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Although the movant bears the burden of

establishing its right to intervene, Rule 24 is to be liberally construed." *Id.* (citations omitted).

"Federal courts should allow intervention where no one would be hurt and the greater justice could

be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994) (internal quotation marks

omitted). However, the Fifth Circuit has also cautioned courts to be "circumspect about allowing

intervention of right by public-spirited citizens in suits by or against a public entity for simple

reasons of expediency and judicial efficiency." *City of Hous. v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012).

## III. DISCUSSION

The Court will first address whether it has subject-matter jurisdiction over the plea in intervention. Finding that it does, it will turn to whether the motion is procedurally ripe and meets the requirements under Rule 24.

### A. Subject-Matter Jurisdiction

Plaintiffs oppose the motion to intervene on the basis that the Court would lack subject-matter jurisdiction over HFL's claim. (Pls.' Resp., Dkt. 37, at 14). "[A]n intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017). Because HFL seeks to recover under breach of contract, while Plaintiffs bring claims for violations of 42 U.S.C. § 1983, HFL must establish federal jurisdiction. (Pls.' Resp., Dkt. 37, at 14). Plaintiffs argue that this Court cannot exercise jurisdiction over the intervention because HFL raises only state law claims against non-diverse parties, since everyone in this case resides in Texas. (*Id.* at 14–15). In its reply, HFL argues that Plaintiffs' response only cites cases dealing with claims that do not meet the requisite amount-in-controversy. (Movant's Reply, Dkt. 39, at 4–5).

Both parties miss the mark. Plaintiffs' complaint arises under federal question jurisdiction. (*See* Compl., Dkt. 1, at 28–33 (pleading claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments)). Accordingly, this Court is vested with subject-matter jurisdiction because the action arises under the Constitution and laws of the United States. 28 U.S.C. § 1331. And under 28 U.S.C. § 1367(a), district courts may exercise supplemental jurisdiction over claims that "form part of the same case or controversy" as the plaintiff's claims. Moreover, § 1367(a) states: "Such supplemental jurisdiction shall include claims that involve the joiner or intervention of

additional parties." 28 U.S.C. § 1367(a). Plaintiffs briefly argue that the case does not involve the same case or controversy as the plea in intervention, but this misreads the statute, which explicitly extends supplemental jurisdiction to the intervention of additional parties. *Id.* Because the Court has federal question jurisdiction over Plaintiffs' claims, it has supplemental jurisdiction over claims in intervention that meet the requirements of Rule 24. *See Chambers Med. Found. v. Chambers*, 236 F.R.D. 299 (W.D. La. 2006), *aff'd sub nom. Chambers Med. Found. v. Petrie*, 221 Fed. Appx. 349 (5th Cir. 2007) (unpublished) ("In cases where original jurisdiction is grounded upon a federal question, 28 U.S.C. § 1331, supplemental jurisdiction ordinarily attaches to the intervention without further ado.").

Plaintiffs' remaining argument on diversity jurisdiction is unavailing. They argue that this Court lacks jurisdiction over HFL's intervention because it involves non-diverse parties. Under 28 U.S.C. § 1367(b), a court cannot exercise supplemental jurisdiction over claims by plaintiffs, including intervening plaintiffs, that would be inconsistent with the requirements of diversity jurisdiction *if the civil action is based on diversity jurisdiction*. Because this case does not involve diversity jurisdiction, the § 1367(b) exception to supplemental jurisdiction is inapplicable. As the Court's original jurisdiction is based on the existence of a federal question, it has supplemental jurisdiction over the claims in intervention.

## B. Whether the Motion is Ripe

Next, Plaintiffs argue that the proposed intervention is not ripe, and that they would be "severely prejudiced" if HFL is allowed to intervene at this time. (Pls.' Resp., Dkt. 37, at 11). Plaintiffs argue at length that public policy favors a client's freedom to select and discharge lawyers of their choosing. (*Id.* at 11–16). However, the cases cited by Plaintiffs do not lead to the proposition that HFL's claim is unripe. Plaintiffs cite *Hoover Slovacek LLP v. Watson*, 206 S.W.3d 557, 560 (Tex. 2006), but that case does not mention ripeness. In *Hoover*, the Texas Supreme Court denied immediate recovery to a discharged contingent-fee lawyer who sought immediate payment

regardless of whether the client actually recovered in the underlying litigation. *Id.* at 562. This is simply not applicable to HFL's claim, which seeks payment only upon Plaintiffs' recovery. The statement from *Hoover Slovacek* that "a contingent-fee lawyer is entitled to receive the specified fee only when and to the extent the client receives payment" simply does not provide support for the notion that HFL's intervention is unripe. *Id.* (cleaned up). Another case cited by Plaintiffs, *In re Deepwater Horizon*, 546 Fed. Appx. 502, 504 (5th Cir. 2013), briefly mentions ripeness, but deals with a party who attempted to intervene so it could potentially raise objections to a class-action compensation distribution program. And in that case, the intervening party effectively admitted that its intervention was premature. *Id.* at 506. This is simply not analogous to HFL's attempt to intervene in pending and ongoing litigation so that it may recover part of any payout. Plaintiffs' remaining case citations simply do not deal with ripeness at all.[2] Therefore, the Court sees no reason to deny HFL's motion to intervene as unripe.

### C. Rule 24 Requirements

To intervene by right, the prospective intervenor either must be "given an unconditional right to intervene by a federal statute," Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Id.* (citations

---

[2] *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (discussing timeliness but not ripeness); *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (same); *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970) (same).

omitted). As HFL's intervention is based upon their breach of contract claim, they must satisfy the

four requirements of Rule 24(a)(2).

### 1. Timeliness

"The most important consideration in determining timeliness is whether any existing party

to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to

intervene." *McDonald*, 430 F.2d at 1073. Contrary to Plaintiffs' argument that the intervention comes

too early, timeliness typically examines whether a motion to intervene is filed *too late*. *See Wal-Mart*

*Stores*, 834 F.3d at 565–66.[3] With the exception of the inapplicable *In re Deepwater Horizon* case,

Plaintiffs cite no cases holding that a motion to intervene is untimely because it was filed too early in

litigation. 546 Fed. Appx. at 504. Accordingly, the motion to intervene, which was filed shortly after

HFL's termination as counsel and in the early stage of litigation, is timely filed.

### 2. Interest Relating to the Transaction

Next, Plaintiffs contend that HFL lacks an interest related to the property or transaction at

issue in the case. (Pls.' Resp., Dkt. 37, at 16). Here, Plaintiffs present two discrete arguments: (1) that

Texas law does not authorize charging liens except on retainer fees and (2) that such a lien, even if

lawful, does not constitute a property interest under Rule 24. Both arguments are unavailing.

---

[3] The Fifth Circuit uses a four-part test to determine timeliness of interventions.

> Determining the timeliness of a motion to intervene entails consideration of four factors: (1)
> The length of time during which the would-be intervenor actually knew or reasonably should
> have known of its interest in the case before it petitioned for leave to intervene; (2) the
> extent of the prejudice that the existing parties to the litigation may suffer as a result of the
> would-be intervenor's failure to apply for intervention as soon as it knew or reasonably
> should have known of its interest in the case; (3) the extent of the prejudice that the would-
> be intervenor may suffer if intervention is denied; and (4) the existence of unusual
> circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). The first two factors apply only to arguments that
intervention comes too late. And the third and fourth factors do not counsel against intervention as untimely
because the harms that Plaintiffs will purportedly endure, such as disclosing confidential information, will be
true so long as HFL intervenes sometime between now and final judgment. Moreover, such harms can be
remedied by simply addressing HFL's claims after any recovery by Plaintiffs.

Federal and state courts in Texas dealing with the issue of attorney liens have found that they are permissible. *Mt. Spelman & Fingerman, P.C. v. GeoTag, Inc.*, 70 F. Supp. 3d 782, 786 (E.D. Tex. 2014) (collecting cases). Plaintiffs rely on a Texas Ethics Opinion that suggests the state's ethics rules prohibit an attorney from obtaining a charging lien from a client. (Pls.' Resp., Dkt. 37, at 23) (citing Tex. Comm. On Professional Ethics, Op. 610 (2011))). In Texas, ethics opinions do not carry the force of law, but are advisory only. *Mt. Spelman*, 70 F. Supp. 3d at 786. District courts must examine "Texas law to determine whether an attorney holds a lien for fees against a judgment or settlement amount." *United States v. Betancourt*, CRIM. B–03–090–S1, 2005 WL 3348908 (S.D. Tex. Dec. 8, 2005), *aff'd*, 257 Fed. Appx. 785 (5th Cir. 2007). Plaintiffs cite *Betancourt* for the proposition that no "common law" attorney lien exists in Texas law, but HFL does not assert its lien under "common law." (Pls.' Resp., Dkt. 37, at 17 n.64 (citing *Betancourt*, 2005 WL 3348908, at *3)). HFL asserts a direct, contractual lien. The *Betancourt* opinion explicitly acknowledged that contractual leans *do* exist under Texas law. 2005 WL 33489808, at *3 ("Under Texas law, a contract may establish an attorney's lien for money received in judgment or settlement of a matter."). Plaintiffs' argument omits the key distinction that Texas courts have made between common law and contractual liens, and their reasoning fails as a result.

Next, Plaintiffs contend that "HFL fails to meet the requirements of [Rule 24(a)(2)] because HFL has, at most, an indirect interest in the subject of this litigation." (Pls.' Resp., Dkt. 37, at 24 (citing *Ross v. Marshall*, 456 F.3d 442, 443–44 (5th Cir. 2006))). This argument runs headfirst into repeated Fifth Circuit caselaw affirming the principle that an attorney has an interest in the outcome of litigation when they attempt to recover on a contingency fee. *Gilbert v. Johnson*, 601 F.2d 761, 767 (5th Cir. 1979); *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970); *Keith v. St. George Packing Co., Inc.*, 806 F.2d 525, 526 (5th Cir. 1986); *Adam Joseph Resources v. CNA Metals Ltd.*, 919 F.3d 856, 866 (5th Cir. 2019) ("From *Gaines* forward, this circuit has consistently held that an attorney's

contingent fee is a sufficient 'interest relating to the property or transaction that is the subject of the action' for purposes of intervention."). Plaintiffs ignore this line of cases, and instead characterize HFL's interest as hypothetical because the Court has not yet determined whether HFL's contract is valid and enforceable. (*Id.*). An interest is not hypothetical simply because the opposing party may assert an affirmative defense—an intervenor does not need to conclusively show that they will succeed on the merits in order to have an interest in the outcome. To hold otherwise would be to deny intervention in any case where there is at least some doubt about the intervening party's success. An established line of Fifth Circuit cases has held that attorneys who seek to recover on contingency fees have an interest at stake in the litigation, and Plaintiffs' arguments do not persuade the Court to deviate from those cases' reasoning.

### 3. Ability to Protect Interest

Next, Plaintiffs argue that HFL should not be allowed to intervene because they can protect their contingency fee interest through filing another lawsuit. (Pls.' Resp., Dkt. 37, at 19). The Court need not spend time on this argument because it has been squarely rejected by the Fifth Circuit. *Adam Joseph*, 919 F.3d at 867 ("Indeed, we have explicitly interpreted *Gaines* to dismiss the argument that an attorney's ability to institute a future proceeding to recover fees negates intervention as of right . . . ."); *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 415–16 (5th Cir. 1991) (holding same); *Skinner v. Weslaco Indep. Sch. Dist.*, 220 F.3d 584, 584 (5th Cir. 2000) (same). Because Plaintiffs make no attempt to differentiate these cases, the Court finds their argument unpersuasive. Intervention will allow HFL to protect its interest in the contingency fee recovery, so it has met this this third element.

Finally, Plaintiffs do not contest that HFL's interests are not represented by any existing party. It is evident that neither Plaintiffs nor Defendants will adequately represent HFL in this case. Therefore, HFL has met the fourth element of intervention by right.

4. Remaining Grounds for Opposition

Finally, Plaintiffs oppose intervention on the grounds that it will "create a sideshow distraction that will complicate litigation of this case." (Pls.' Resp., Dkt. 37, at 19–20). Even accepting this as true, prejudice to a plaintiff is not a standalone reason to deny a timely motion to intervene. To the extent that the parties agree to a stay of the claims in intervention during discovery in this case, so as to mitigate any distractions or issues of privilege, they may submit a proposed order to that effect on or before August 16, 2023.

## IV. CONCLUSION

For the reasons stated above, the Court finds that HFL is entitled to intervene as a matter of right in both cases. **IT IS THEREFORE ORDERED** that HFL's motion to intervene in 1:23-cv-9-RP, (Dkt. 32), is **GRANTED**. The Clerk of the Court shall file HFL's First Amended Plea in Intervention, (Dkt. 32-2).

**IT IS FURTHER ORDERED** that HFL's motion to intervene in 1:22-cv-655-RP, (Dkt. 43), is **GRANTED**. The Clerk of the Court shall file HFL's First Amended Plea in Intervention, (Dkt. 43-2).

**IT IS FURTHER ORDERED** that the parties shall file a joint and agreed proposed order to stay the claims in intervention, if at all, on or before August 16, 2023.

**SIGNED** on August 2, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE