IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEX GONZALES, Sr. and ELIZABETH HERRERA, <br><br> Plaintiffs. <br> v. <br><br> CITY OF AUSTIN, LUIS SERRATO, AND GABRIEL GUTTIEREZ, <br><br> Defendants. <br>_____ <br> Hendler Flores Law, PLLC, <br> Intervenor. | § § § § § § § § § § § § § § § § | Case Nos. 22-CV-655, 23-CV-9-RP |

### SECOND AMENDED PLEA IN INTERVENTION BY HENDLER FLORES LAW, PLLC

Hendler Flores Law, PLLC (HFL or Intervenor) files, pursuant to Federal Rule of Civil Procedure 24(a)(2), this Plea in Intervention and shows the Court the following:

### I.

### PARTIES AND SERVICE OF PROCESS

1. **Intervenor Hendler Flores Law, PLLC** (HFL) is a professional limited liability company with its principal place of business in Travis County, Texas.

2. **Respondent Alex Gonzales, Sr.** is a citizen of Texas and a resident of Bastrop County, Texas. Alex Gonzales, Sr. is the father and next of kin of Alex Gonzales, Jr. Alex Gonzales, Sr. may be served with process by serving counsel of record via the Court's CM/ECF system.

3. **Respondent Elizabeth Herrera** (aka Elizabeth Gonzales) is a citizen of Texas and a resident of Bastrop County, Texas. Elizabeth Herrera is the mother and next of kin of Alex

Gonzales, Jr. Elizabeth Herrera may be served by serving her counsel of record via the Court's CM/ECF system.

4.  **Minor child Z.A.G.** is a person under the age of eighteen (18) who is a citizen of Texas and, on information and belief, is a resident of Travis County, Texas. This action is brought on behalf of Z.A.G. by Alex Gonzales, Sr. and Elizabeth Herrera as "Next Friends." Z.A.G. may be served with process through service on counsel for Alex Gonzales, Sr. and Elizabeth Herrera as well as on counsel for **Z.A.G.'s** custodial parent's attorney, Jeff Edwards, The Edwards Law Firm, 603 West 17th Street, Austin, Texas 78701.

## II.

## FACTS

5.  On January 7, 2020, Respondents retained HFL as memorialized by a signed, written Attorney Retainer Agreement (Retainer Agreement) employing HFL to represent them in connection with the instant litigation.

6.  The Retainer Agreement includes the basis for the charging of legal fees as a contingent percentage of any monetary recovery in the litigation by settlement, judgment, or otherwise. It provides that the plaintiffs agreed to pay a contingent attorneys' fee of 40% of any settlement, verdict, or recovery obtained in the matter to compensate HFL for its legal services in the case. The Retainer Agreement also set forth that HFL would recover the expenses it advanced on the Respondents' behalf from the Respondents' net amount of any monetary settlement, verdict, or recovery, after the deduction of the 40% attorney's fee.

7.  The Retainer Agreement also provides, and the Respondents agreed, that HFL has a charging lien to secure recovery of its fees and expenses in the matter, and that if Respondents terminated HFL without cause, HFL would continue to have a claim for its full

percentage contingent attorneys' fee of 40% of the gross recovery, including its expenses incurred up to the time of termination. The Retainer Agreement states that if Respondents were to terminate HFL without cause and later obtain a recovery, the full percentage of the contingent fee would remain due, in addition to expenses incurred prior to the date of termination from that recovery.

8.      While representing Respondents, HFL investigated, researched, and filed two separate lawsuits on behalf of the Respondents; served and responded to written discovery; noticed and conducted depositions of two witnesses; ordered medical records; HFL facilitated a private autopsy; consulted experts and retained one expert on the subject of police excessive force; and reviewed thousands of pages of records and hours of video. HFL also incurred several significant expenses for Respondents' benefit, including assisting the family with ancillary matters including probate, memorials, grief support and management, and family law, among other services. Those expenses are, at a minimum, $65,136.95. Respondents have not repaid these expenses.

9.      On March 24, 2023, without any notice whatsoever, HFL received a letter from the Marconi Firm informing HFL that Respondents intended to discharge HFL effective April 7, 2023, and transfer their representation to Mr. Puckett and his new employer, the Devlin Law Firm LLC. Respondents discharge of HFL was without cause. HFL subsequently withdrew and transferred the file to the Devlin Law Firm on April 24, 2023, and this Court granted HFL's motion to withdraw on May 2, 2023.

### III.

### FIRST CLAIM—CONTRACT

10.     Intervenor's interest in any monetary recovery arises from a written contingent fee contract with Intervenor that Respondents signed providing for a fee equal to forty percent

of any monetary recovery Respondents obtained in this litigation. An attorney's right to assert a lien against client property to ensure payment of professional fees has been recognized at common-law since the early eighteenth century. *See, e.g.,* Everett, Clarke & Benedict v. Alpha Portland Cement Co., 225 F. 931, 935 (2d Cir. 1915) (summarizing history of attorney liens). The charging lien that Respondents contractually agreed to in the Retainer Agreement retaining Intervenor applies to the proceeds of a recovery and contrary to Respondents' current attorneys, does not provide for a security interest in the underlying case.[1] The contractually agreed to charging lien protects the attorney's fees and expenses from the proceeds of any judgment, decree or other order in his client's favor entered or made in such proceeding.

11. Texas common law establishes charging liens as a way for attorneys to secure recovery of their fees and expenses. *See, e.g.*, *Rotella v. Cutting*, No. 02-10- 00028-CV, 2011 WL 3836456, at *5 (Tex. App.—Fort Worth Aug. 31, 2011, no pet.); *Tarrant Cty. Hosp. Dist. v. Jones*, 664 S.W.2d 191, 196 (Tex. App.—Fort Worth 1984, no pet.). In Texas, when a client employs an attorney on a contingent-fee basis and then discharges the attorney without cause before the attorney completes the representation, the attorney may sue to enforce the contract and recover the amount of the contracted compensation from any monetary damages that the client subsequently recovers. *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 561 (Tex. 2006) (citing *Mandell & Wright v. Thomas*, 441 S.W.2d 841, 847 (Tex. 1969)). The ability of an attorney discharged without cause to recover for the services he rendered dates back at least as far as 1855. *Myers v. Crockett*, 14 Tex. 257 (1855). Respondents discharged HFL without notice and without good cause.

---

[1] To the extent a court interprets the contractual language describing the charging lien as providing for a security interest in the underlying claim as opposed to the proceeds from a recovery on the underlying claim, Intervenors expressly disavow any such interest in the Respondents' underlying claim.

12.     Disposition of the case through a negotiated agreement will almost certainly involve payment of a money recovery to Respondents. In that event, it will become exponentially difficult if not impossible for Intervenor to recover its fee. This is because the funds could be put out of reach through a structed settlement—a type of annuity for personal injury plaintiffs only—that will pay Respondents over a long period of time; alternatively, Respondents, may spend the funds and deplete them before Intervenor can recover its fees and expenses from the recovery, or Respondents may otherwise dispose of the funds before Intervenor could obtain its monetary interest through legal action.

13.     Respondents have no incentive to protect HFL's interest in any monetary recovery they obtain in this matter because it will likely reduce their net recovery. That is because Respondents have hired replacement counsel who they purport to compensate through a percentage of any monetary recovery they obtain through the litigation. Similarly, none of the Defendants have any incentive to protect HFL's contingent fee interest in the recovery. In fact, if the matter is resolved through a negotiated agreement either before or after a verdict, it is standard practice for a Defendant to require a Plaintiff (Respondents in this case) to assume all responsibility for any party claiming an interest in the settlement funds. As such, Defendants have no incentive to protect HFL's interests in the recovery, and now Respondents interests conflict with HFL's because payment of HFL's fee risks reducing Respondents recovery on top of the fee that Respondents have agreed to pay its replacement counsel.

### III.

### SECOND CLAIM—QUANTUM MERUIT

14. In the event HFL is not allowed recovery based in contract, it alternatively seeks the reasonable value of its services provided to Respondents from any recovery that Respondents obtain. HFL's services include, without limitation, investigating Respondents' claims, filing this lawsuit on behalf of Respondents, and litigating on Respondents' behalf herein. HFL also seeks the "upside" benefit of taking on Respondents' case on a contingent fee basis, as it would be unfair to allow Mr. Puckett and Devlin Law Firm LLC to receive all of that benefit.

### IV.

### PRAYER

WHEREFORE, Intervenor requests citation and service be made as requested and that the Court award directly to Intervenor the expenses it has advanced and its share of any settlement, verdict, or other recovery to be paid by Defendants or judgment awarded against Defendants, in addition to such other and further relief to which Intervenor may be entitled at law or in equity.

**Dated: January 25, 2024**

        **Respectfully submitted,**
        **HENDLER FLORES LAW, PLLC**

        _____
        Scott M. Hendler - Texas Bar No. 9445500
        shendler@hendlerlaw.com
        901 S. MoPac Expressway
        Bldg. 1, Suite #300
        Austin, Texas 78746
        Telephone: (512) 439-3200
        Facsimile: (512) 439-3201

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on all counsel of record via the Court's CM/ECF system on January 25, 2024.

_____
Scott M. Hendler